Filed 4/11/14  P. v. Edwards CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048241 |
| v. | (Super. Ct. No. 11NF3469) |
| DARRYL HASHIM EDWARDS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Appellant Darryl Hashim Edwards was convicted by jury of second degree robbery. The court sentenced him to two years in state prison, and he filed this appeal. We appointed counsel to represent him.

Counsel did not argue against her client, but advised this court she could find no issues to argue on appellant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) She filed a brief which set forth the facts of the case and advised us she was unable to find an appellate issue she could ethically argue.

Appellant was given 30 days to file written argument in his own behalf (actually, more than 30 days because his place of incarceration had been changed, and we gave him an additional 30 days to file) if he chose to. That time has expired and no argument has been received. We have therefore reviewed the record ourselves to see if we could find any issues – not necessarily issues that would win, but issues that might be worth considering. We could not. As the facts recited below demonstrate, there was very little that could be done in appellant's behalf, either in the trial court or here.

FACTS

This was a rather pedestrian – both literally and figuratively – strong-arm robbery. As Silvia Ruiz and her husband, Isidro Santillan, were out walking, a young man they thought was Hispanic walked past them, pulled a necklace from Mr. Santillan's neck, and ran away. The stunned victim and his wife watched the man, wearing a gray hoodie and blue jeans, leap into a vehicle, which drove away.

Mr. Santillan gave pursuit and caught the car, but a passenger in the car punched him and wrestled with him until he fell away from the moving car, sustaining injuries. Bystanders, observing this somewhat unusual tableau, called 911 and pursued the car, observing that it was driven by what they described as a male Hispanic in his 20's, wearing a gray shirt. They followed the car into a cul-de-sac, and parked so as to block its exit. Police responding to the 911 call arrived moments later and while the

2

passenger – an African-American male in his 20's – fled and was never apprehended, appellant remained behind the wheel and was arrested.

While no one was able to identify appellant as the robber, witnesses essentially established a "chain of custody" of him from the scene of the crime to his arrest. A police officer identified him as the driver of the car, pointed him out in a picture wearing the gray hoodie and jeans, and produced Mr. Santillan's watch – taken from him as he tried to stop the car – and located by police behind the driver's seat. It is hard to imagine a more open-and-shut case.

The defense was that it was the African-American passenger of the car who robbed Santillan and appellant was just an innocent driver of the car who had no idea what had happened. But appellant did not testify, so this defense, weak as it was, had to be presented through inference. Trial counsel presented a remarkably well-structured closing argument, but could not pull this one out of the fire.

There were no serious evidentiary issues, no search problems, no complicated instructions. While no trial is garden-variety, and every one is important, there was nothing about this one that presented a significant legal challenge. The case was based on identification and intent, and neither raised difficult problems of a legal nature. The case turned on facts and their interpretation, not legal niceties.

Nor can we find anything remarkable about the sentencing. The court admittedly struggled with sentencing a 19 year old to state prison – especially because there were other issues raised in the probation and sentencing reports. But the court resolved those issues by sentencing appellant to the low term in state prison. Certainly probation would have been a possibility, but no one could seriously argue that there was anything like an abuse of discretion in the court's decision of a state prison commitment.

In short, we find ourselves in agreement with appellant's appellate counsel. We have carefully reviewed the record and cannot conceive of any issue that could be raised on this appeal.

The judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.